IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LATONIA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEDGWICK CLAIMS MANAGEMENT ) <br> SERVICES, INC. AND ) <br> UNITEDHEALTH GROUP INC., ) <br> ) <br> Defendants. ) | 1:22CV570 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff Latonia Williams, proceeding pro se,[1] initiated this action against Defendants Sedgwick Claims Management Services, Inc., and UnitedHealth Group Inc. (ECF No. 5.) The Court construes the Complaint as alleging disability discrimination under the Americans with Disabilities Act ("ADA"), 42 § U.S.C. 12101 *et seq.*, and wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Before the Court is Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) For the reasons stated herein, Defendants' motion will be granted.

---

[1] Williams is a pro se litigant, and the Court must construe her Complaint liberally, permitting a potentially meritorious case to develop if one is present. *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 715–16 (M.D.N.C. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading . . . or to become an advocate for the pro se party . . . ." *Id.* at 716 (citations omitted).

## I. BACKGROUND

Plaintiff Williams was an employee of Defendant UnitedHealth Group Inc. ("UnitedHealth") beginning in November 2021. (ECF No. 5 at 2.) At some point during that employment, Plaintiff was a "high risk patient at Duke Prenatal in Durham" and therefore received short-term disability from February 18, 2022, to April 15, 2022. (*Id.*)

Plaintiff then attempted to extend her short-term disability due to continued medical issues. (*Id.*) However, on June 10, 2022, Plaintiff's claim was denied by Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"). (*Id.*) Plaintiff alleges that a representative of Sedgwick informed her that "the paperwork wasn't sufficient enough." (*Id.*) After the denial of her short-term disability, Plaintiff took a variety of actions, including contacting the U.S. Department of Labor and North Carolina Department of Labor. (*Id.* at 3.)

Plaintiff alleges several grievances stemming from the denial of her short-term disability, including that it "threaten[s] [her] home and living arrangements with [her] baby" (who Plaintiff describes as being born "3 months early with underlying conditions"). (*Id.*) Plaintiff further states that Defendants' actions "played a part of [Plaintiff] being evicted" and forced her into "survival mode." (*Id.* at 4.)

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). Generally, a motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power

2

to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject-matter jurisdiction rests with the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

   **B.** **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

3

### III. DISCUSSION

#### A. ADA Claim

Defendants argue that the Complaint "fails to demonstrate how Defendants purportedly violated the law or otherwise engaged in conduct supporting [Plaintiff's] claims." (ECF No. 10 at 6.) Defendants maintain that Plaintiff "failed to allege facts sufficient to state all the elements of any legally cognizable claim, including those that may arise under ERISA or the ADA," thus the Complaint must be dismissed. (*Id.*) Defendants last contend that the "Complaint also fails to allege that Plaintiff complied with the administrative prerequisites to filing suit under the ADA." (*Id.*) Specifically, Defendants argue that the Complaint "does not allege that Plaintiff filed an EEOC charge, or otherwise exhausted her administrative remedies by demonstrating that she was issued a right to sue letter as required to bring an ADA claim." (*Id.* at 7.)

In her response, Plaintiff does not respond to any of these arguments directly. (ECF No. 13.) Instead, Plaintiff relists the various hardships she allegedly experiences as a result of the denial of her short-term disability benefits, (*id.* at 4–5), and reiterates the various agencies and representatives she has contacted about her issues, (*id.* at 6).

To raise an ADA claim in federal court, a plaintiff must first exhaust her administrative remedies by filing a timely charge with the EEOC. *See McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994). To qualify as timely, a charge must be filed by the plaintiff within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e–5(e)(1); *J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005). Here, Plaintiff Williams makes no allegations that she exhausted her administrative remedies regarding her ADA claim. There is no indication in the Complaint that Plaintiff ever filed a charge with the

EEOC or was issued a notice of right to sue. Accordingly, this Court must dismiss Plaintiff's ADA claim.

As an alternative grounds for dismissal, the Court likewise finds that Plaintiff fails to plausibly state an ADA discrimination claim. To establish a claim for disability discrimination, a plaintiff must show "(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *EEOC v. Stowe–Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)). To survive a motion to dismiss, Plaintiff must therefore "plead facts that permit the court to reasonably infer each element of the prima facie case." *Schmitz v. Alamance-Burlington Bd. of Educ.*, No. 18-CV-910, 2020 WL 924545, at *4 (M.D.N.C. Feb. 26, 2020).

Here, it is not clear from the Complaint what Plaintiff alleges as her disability or medical condition. Plaintiff only alleges that she was a "high risk patient at Duke Prenatal in Durham," (ECF No. 5 at 2), and experienced "continued pain," (*id.*). From these facts alone, the Court cannot infer a disability under the ADA. *See* 42 U.S.C. § 12102(1)(A) (defining a disability as "a physical or mental impairment that substantially limits one or more major life activities"). It is similarly unclear whether Plaintiff was discharged or suffered any adverse employment action. The Complaint focuses primarily on the alleged struggles Plaintiff has experienced because of her short-term disability being denied and other generalized grievances. (ECF No. 5 at 3–4.) In sum, Plaintiff has failed to provide sufficient allegations from which the Court can infer that any of the elements of an ADA discrimination claim are satisfied. The Court finds that Plaintiff's Complaint fails under Rule 12(b)(6) for failure to state a claim, and Plaintiff's ADA claim must be dismissed.

B.  **ERISA Claim**

In response to Plaintiff's purported ERISA claim, Defendants also argue that Plaintiff has "failed to plead sufficient facts to establish any legally cognizable claim" and that the Complaint "fails to demonstrate how Defendants purportedly violated the law or otherwise engaged in conduct supporting her claims." (ECF No. 10 at 6.) Additionally, Defendants argue that Plaintiff's failure to exhaust her administrative remedies warrants dismissal. (*Id.* at 7.) Defendants note that "[w]hile the Complaint references a denial of short-term disability benefits and subsequent appeal of the same . . . it does not allege that she received any final decision or otherwise exhausted plan remedies prior to filing suit." (*Id.*) Further, "based on the documentation attached to the Complaint, it appears that Plaintiff's appeal is currently pending." (*Id.*)

In general, an ERISA plan participant "must both pursue and exhaust plan remedies before gaining access to the federal courts." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005); *see also Makar v. Health Care Corp. of Mid–Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989) ("This exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes."). A failure to exhaust administrative remedies may be excused if any attempt to pursue those remedies would be futile. This exception, however, is narrow and before the exhaustion requirement may be waived on this basis, the plan participant must make a "clear and positive" showing of futility. *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 471–72 (4th Cir. 2011).

Under ERISA, however, the exhaustion of administrative remedies is considered an affirmative defense, making a Rule 12(b)(6) motion the improper vehicle for Defendants' challenge. *See, e.g., Rogers v. UnitedHealth Grp., Inc.*, 144 F. Supp. 3d 792, 802–03 (D.S.C. 2015).

6

Case 1:22-cv-00570-LCB-JLW   Document 16   Filed 03/02/23   Page 6 of 7

This Court cannot base its dismissal of an ERISA claim at this stage on an affirmative defense. "The burden of establishing an affirmative defense rests with the defendant, and 'a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense.'" *Taylor v. Oak Forest Health & Rehab., LLC*, No. 11-CV-471, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)). Thus, the Court cannot grant Defendants' motion on these grounds.

Nonetheless, the Court finds that because Plaintiff has failed to state a claim, dismissal is still appropriate. Apart from mentioning the denial of short-term disability, the Complaint does not explicitly reference ERISA or specify any statutory provision in which Plaintiff brings her claim. The Court construes the Complaint, at best, as a wrongful denial of benefits claim related to 29 U.S.C. § 1132(a)(1)(B). That said, Plaintiff's Complaint is wholly deficient with respect to such a claim. The Complaint is devoid of any allegations that the benefit in question is covered by ERISA or that Plaintiff is a participant or a beneficiary under an ERISA plan, let alone that the determination of Plaintiff's claim for benefits was wrongful. Accordingly, Williams has failed to plausibly state any claim for relief under ERISA and her claims must and will be dismissed.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 9), is **GRANTED**. This action is hereby **DISMISSED**, and a Judgment in favor of Defendants will be filed contemporaneously with this Memorandum Opinion and Order.

This, the 1st day of March 2023.

/s/ Loretta C. Biggs
United States District Judge